UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**               **'O'**

| Case No. | 2:14-cv-08610-CAS-JPR | Date | December 12, 2016 |
|---|---|---|---|
| Title | JEREMY LEON BORDEGARAY v. COUNTY OF SANTA BARBARA ET AL. | | |

Present: The Honorable      CHRISTINA A. SNYDER

| Catherine Jeang | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:          Attorneys Present for Defendants:

Not Present                               Not Present

**Proceedings:**      **(IN CHAMBERS)  -**

**DEFENDANTS' MOTION TO MODIFY SCHEDULING ORDER AND AMEND ANSWER (Dkt. 44, filed September 9, 2016)**

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (Dkt. 45, filed September 9, 2016)**

## I.      INTRODUCTION

On November 11, 2014, plaintiff Jeremy Leon Bordegaray filed a complaint in this Court against defendants County of Santa Barbara ("County"), City of Carpinteria, the Santa Barbara County Sheriff's Office ("SBSO"), Sheriff Bill Brown in his individual and official capacities, Sergeant Daniel Calderon individually and his capacity as a peace officer, Deputy Wesley Johnson individually and his capacity as a peace officer, Deputy Sean Hampton individually and in his capacity as a peace officer, and Does 1–20.  Dkt. 1 ("Compl.").  In his complaint, plaintiff alleges: (1) the use of excessive force in violation of his civil rights pursuant to 42 U.S.C. § 1983; (2) a violation of the California Constitution, Article 1 § 13; (3) battery; (4) violation of the Bane Act, Cal. Civ. Code § 52.1; (5) false arrest and imprisonment; (6) intentional infliction of emotional distress ("IIED"); (7) failure to provide medical care by officers in the field in violation of § 1983; (8) conspiracy to interfere with civil rights in violation of 42 U.S.C. § 1985; (9) policy, custom, and practice in violation of § 1983 ("Monell liability"); (10) supervisory liability for violations of § 1983; (11) retaliation in violation of § 1983; and (12) negligence.  Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL                'O'

| Case No. | 2:14-cv-08610-CAS-JPR | Date | December 12, 2016 |
|----------|----------------------|------|-------------------|
| Title | JEREMY LEON BORDEGARAY v. COUNTY OF SANTA BARBARA ET AL. | | |

On July 24, 2015, plaintiff filed the operative first amended complaint, dismissing defendant City of Carpinteria and dismissing the second, fifth, eighth, and eleventh claims. Dkt. 19 ("FAC"). On August 14, 2015, defendants filed their answer. Dkt. 21. On September 9, 2016, defendants filed the instant motion to modify the scheduling order and amend their answer to add an affirmative defense. Dkt. 44 ("MTA"). On September 12, 2016, plaintiff filed his opposition to the motion to amend. Dkt. 49 ("MTA Opp'n"). On September 30, 2016, defendants filed their reply. Dkt. 58 ("MTA Reply").

Also on September 9, 2016, defendants filed the instant motion for summary judgment, or in the alternative, partial summary judgment. Dkts. 45, 48 ("MSJ"), 46. On September 21, 2016, plaintiff filed his opposition to the motion for summary judgment, plaintiff's separate statement of uncontroverted facts, and evidentiary objections. Dkts. 53 ("MSJ Opp'n"), 54, 56. On October 3, 2016, defendants filed their reply to plaintiff's opposition, defendants' evidentiary objections, a response to plaintiff's evidentiary objections, and a reply to plaintiff's separate statement of uncontroverted fact. Dkts. 59 ("MSJ Reply"), 59-21, 59-22, 59-30 ("Reply SUF").[1]

## II.   BACKGROUND

Except where otherwise noted, the following facts are undisputed.

### A.   Plaintiff's Injuries

On October 6, 2013, at approximately 7:50 pm, SBSO officers were dispatched to 3240 Beach Club Road ("the residence") on a report of a possible trespasser. Reply SUF at No. 1. The residence is located at the end of a long driveway. Id. at No. 3. Sergeant Daniel Calderon, Deputy Wes Johnson, and Deputy Trainee Sean Hampton (collectively, "the officers") responded in two marked patrol cars, one of which was Unit 5154 ("Unit 5154"). See id. at Nos. 4–5. Unit 5154 was equipped with a so-called "COBAN in-car video system," which was mounted to the right of the Unit's rearview mirror. Id. at No. 6. Hampton was wearing a COBAN microphone. Id.

---

[1] **Error! Main Document Only.**Except where otherwise noted in this Order, the Court does not resolve the parties' evidentiary objections in making its ruling on the instant motions.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| CIVIL MINUTES – GENERAL | | 'O' | |
|---|---|---|---|
| Case No. | 2:14-cv-08610-CAS-JPR | Date | December 12, 2016 |
| Title | JEREMY LEON BORDEGARAY v. COUNTY OF SANTA BARBARA ET AL. | | |


Plaintiff's white truck was parked in the driveway.  Id. at No. 12.  At about 8:46 pm, the officers encountered plaintiff at the residence and arrested him for criminal trespass.  Id. at Nos. 11, 13.  Upon arrest, plaintiff was searched, handcuffed behind his back, and placed in the back seat of Unit 5154, which was parked in the residence's driveway.  Id. at Nos. 14, 15.  The doors of Unit 5154 were locked, however the key remained in the ignition with the engine running so that the COBAN system remained operational.  Id. at No. 16.  At the time of the arrest, the COBAN audio recorder was muted.  Id. at No. 17.  Tow truck driver Roger Wood arrived to tow away plaintiff's truck.  Id. at No. 18.  The officers discovered approximately $1,500 in cash in plaintiff's truck.  Id. at No. 19.  In the residence, the officers found a loaded gun with the serial number scratched off, numerous cell phones, and indicia of drug sales.[2]  Id. at No. 20.

At approximately 9:35 pm, Calderon went inside the residence to check on Hampton and Johnson's progress in conducting the investigation.  See id. at No. 22.  While standing outside the residence, Wood saw that plaintiff had moved his handcuffs—which were still intact—to the front of his body and was climbing into the front seat of the Unit.  Id. at Nos. 23, 24.  Plaintiff drove Unit 5154 in reverse down the driveway.  Id. at No. 28.  The officers ran from the residence in pursuit of plaintiff, shouting "Stop!"  Id. at No. 29.  While running, Johnson radioed for backup and drew his firearm.  Id. at No. 30.  The plaintiff drove in reverse, and, at the end of the driveway, turned Unit 5154 onto the paved roadway of Beach Club Road.  Id. at No. 32.  Calderon ran 61 feet from the residence to the end of the driveway, and reached Unit 5154.  Id. at No. 54.  Calderon's movements were not captured on video due to the positioning of the camera.  See id. at

---

[2] **Error! Main Document Only.**Plaintiff objects to this evidence as irrelevant, hearsay, and lacking foundation.  Dkt. 56 at 3; Fed. R. Evid. 401, 801, 802.  The Court disagrees and finds this evidence admissible.  This evidence is relevant because it bears on the severity of the crime at issue, which is a factor the jury must evaluate when determining plaintiff's excessive force claim.  See infra Part IV.1.a.ii.  The evidence is neither hearsay nor lacking foundation, because it is the officers' testimony as to what they personally and directly observed during their investigation of the house.  See Dkt. 45-3 ("Calderon Decl.") ¶¶ 9–10; Dkt. 45-5 ("Hampton Decl.") ¶ 13; Dkt. 45-6 ("Johnson Decl.") ¶ 11.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL          'O'

| Case No. | 2:14-cv-08610-CAS-JPR | Date | December 12, 2016 |
|---|---|---|---|
| Title | JEREMY LEON BORDEGARAY v. COUNTY OF SANTA BARBARA ET AL. | | |

No. 37. Calderon was so close to the car that he could have reached out and touched it. Id. at No. 92. Johnson stopped in the driveway, behind Calderon. Id. at No. 38. Calderon drew his gun. Id. at No. 40.

The parties dispute the sequence of the events that followed, but at some point plaintiff stopped the car for less than two seconds to shift from reverse into forward gear and Calderon fired five shots in the direction of Unit 5154. Id. at Nos. 33, 44, 46. In essence, the parties dispute whether plaintiff was driving *toward* Calderon, placing Calderon and others at imminent risk. Defendants aver that Calderon reached Unit 5154 just as plaintiff stopped to shift gears from reverse into forward drive. Id. at No. 35. Defendants further aver that Calderon was in front of Unit 5154. See id. at No. 36. Defendants allege that when Calderon drew his gun, plaintiff looked right at Calderon, hit the gas, revved the engine, and that Unit 5154 "lurched forward." Id. at Nos. 40, 41. Defendants further allege that when Unit 5154 "lurched forward," the Unit's front tires were still turned toward the driveway, where Calderon was standing. Id. at No. 42. Defendants contend that Unit 5154 was "moving forward and to the left" when Calderon fired his gun. Id. at No. 44. Plaintiff, on the other hand, alleges that Calderon was standing to the side, not in front, of Unit 5154. MSJ Opp'n at 5. Plaintiff avers that he remembers being shot in the left arm as he was moving his hands to shift the gear into drive, but is unsure whether he was able to get the Unit into drive. See Reply SUF at Nos. 34, 35. Plaintiff disputes that Unit 5154 "lurched forward" and contends that plaintiff was, instead, "taking off"—that is, leaving— when Calderon fired the shots. See id. at No. 41.

Plaintiff was struck by two of the five bullets: one in the arm and one in the abdominal area. Id. at No. 49. After plaintiff was struck, the Unit moved forward approximately 28 feet in 2.5 seconds and collided with Wood's tow truck, parked on Beach Club Road. See id. at No. 51. Senior Criminologist David Barber was able to document the trajectories of four of the five bullets.[3] Id. at No. 47. His report indicates

---

[3] Plaintiff filed evidentiary objections, arguing, inter alia, that Barber's report is hearsay pursuant to Federal Rules of Evidence 801–803, because it lacks an accompanying declaration by Barber, authenticating the report. Dkts. 56 at 4. The Court finds that the report is admissible under an exception to the rule against hearsay because

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:14-cv-08610-CAS-JPR | Date | December 12, 2016 |
| Title | JEREMY LEON BORDEGARAY v. COUNTY OF SANTA BARBARA ET AL. | | |

that of these, one bullet traveled through the front driver door window, "straight across the vehicle from left to right."  See id.  The other three bullets entered into the driver's side rear door and were fired from the left side of the vehicle toward the front left (driver's) area.  Id.

### B. Plaintiff's Medical Care

After Unit 5154 crashed into the tow truck, Calderon radioed for medics to respond "Code 3," i.e., with lights and sirens.  Id. at No. 55.  The officers then removed plaintiff from Unit 5154 and placed him supine on the ground.  Id. at No. 57.  It was determined that plaintiff had a pulse and was breathing.  Id.  Calderon retrieved the automatic external defibrillator ("AED") from the Unit's trunk and turned it on.  Id. at No. 58.  Deputies Watkins, Baisa, and Springer arrived at the scene.  Id. at No. 59.  Watkins's patrol car was also equipped with a COBAN camera and recorded the officers' interactions with plaintiff.  Id. at No. 60.  The AED detected no shockable hearth rhythm and then prompted "It is now safe to touch the patient. Start CPR."  Id. at No. 61.  It was decided that CPR was not appropriate, because plaintiff was still breathing and had a pulse.  Id. at No. 62.  Medics arrived on the scene within eight minutes of Calderon's radio call.  Id. at No. 67.  The medics determined that plaintiff's breathing was inadequate and administered CPR.  Id. at No. 68.

Plaintiff avers that as direct and proximate result of the gunshot wounds caused or facilitated by the officers, plaintiff lost 80 percent of his intestines, as well as 40 centimeters of his colon.  FAC ¶ 43.  Since the shooting, plaintiff has had to use a colostomy bag.  Id.  Plaintiff's physical injuries have also led to infections, which resulted in multiple surgeries.  Id.  Plaintiff avers that the surgeries left scarring on plaintiff's abdominal region.  Id.  Moreover, plaintiff alleges that he lost over 70 pounds of his body weight and suffered extreme emotional distress, fear, trauma, and humiliation.  Id.

---

it is a public record of the State of California, Department of Justice setting out factual findings from a legally authorized investigation and Plaintiff makes no showing that the source of information or other circumstances indicate a lack of trustworthiness.  Fed. R. Evid. 803(8).

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                    **'O'**

| Case No. | 2:14-cv-08610-CAS-JPR | Date | December 12, 2016 |
|----------|------------------------|------|-------------------|
| Title | JEREMY LEON BORDEGARAY v. COUNTY OF SANTA BARBARA ET AL. | | |

### C.    Court Proceedings and Internal Investigation

On May 21, 2014, plaintiff pleaded no contest to resisting, delaying, or obstructing a peace officer in violation of California Penal Code § 148(a)(1), a misdemeanor; and pleaded guilty to: unlawful driving or taking of a vehicle in violation of California Vehicle Code § 10851(a), a felony; possession of a controlled substance with firearm in violation of California Health & Safety Code § 11370.1, a felony; unauthorized entry of a dwelling house in violation of California Penal Code § 602.5(a), a misdemeanor. See Reply SUF at No. 73.[4]  Pursuant to SBSO Policy, the SBSO conducted an internal investigation to determine Calderon's conformance with SBSO policy. Id. at No. 86. The Use of Deadly Force Review Board ("Review Board") found, based on the results of the internal investigation, that Calderon did not violate SBSO policy and procedure. Id. at Nos. 89, 90.  Sheriff Brown attended the presentation of the internal investigation's findings regarding Calderon's use of deadly force, but did not attend the Review Board's deliberations. Dkt. 45-2 ("Brown Decl.") ¶ 22.  He subsequently received a one-page

---

[4] Plaintiff asserts two objections to the admissibility of his guilty pleas.  First, plaintiff contends that these pleas are irrelevant or unfairly prejudicial, citing Federal Rules of Evidence 401–403. Dkt. 56 at 5.  Second, plaintiff argues that plaintiff's pleas to the misdemeanors are inadmissible pursuant to Federal Rule of Evidence 609. Dkt. 56 at 5.

The Court concludes that plaintiff's misdemeanor and felony pleas are irrelevant to the determination of whether Calderon used reasonable force because Calderon could not have known of these pleas at the time of the incident.  The guilty pleas are therefore inadmissible for the purpose of determining whether Calderon's force was reasonable. The Court finds that plaintiff's misdemeanor pleas are also inadmissible for impeachment purposes because plaintiff's misdemeanors do not involve dishonesty or false statements. See Medrano v. City of Los Angeles, 973 F.2d 1499, 1507 (9th Cir. 1992); Fed. R. Evid. 609(a)(2).

However, plaintiff's felony pleas *are* admissible to support defendants affirmative defense under California Civil Code § 3333.3.  See infra Part III.B., Part IV.B.5.d. n.13.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:14-cv-08610-CAS-JPR | Date | December 12, 2016 |
| Title | JEREMY LEON BORDEGARAY v. COUNTY OF SANTA BARBARA ET AL. | | |

memorandum of the Review Board's findings, reviewed them, and took no further action. Id. at ¶ 23.

## III.  DEFENDANTS' REQUEST TO AMEND PLEADINGS

### A.  Legal Standard for Amending Pleadings

The decision whether to grant leave to amend pursuant to Rule 15(a) "is entrusted to the sound discretion of the trial court." Jordan v. Cnty. of Los Angeles, 669 F.2d 1311, 1324 (9th Cir. 1982), vacated on other grounds, 459 U.S. 810 (1982). "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." Johnson v. Buckley, 356 F.3d 1067, 1077 (9th Cir. 2004). Of these factors, prejudice to the opposing party is the most critical in determining whether to grant leave to amend. Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).

Here, the Court had set a deadline of February 5, 2016, for amending pleadings. Dkt. 25. Therefore, in addition to satisfying Rule 15(a), defendants must also demonstrate "good cause" for amendment under Rule 16. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992)). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." Id. Nonetheless, the district court has "broad discretion in supervising the pretrial phase of litigation." Id. at 607 (citation omitted).

### B.  Defendants' Request to Amend their Answer

Defendants seek to modify the scheduling order in order to amend their answer to add an affirmative defense pursuant to California Civil Code § 3333.3. Section 3333.3 states: "In any action for damages based on negligence, a person may not recover any damages if the plaintiff's injuries were in any way proximately caused by the plaintiff's commission of any felony, or immediate flight therefrom, and the plaintiff has been duly convicted of that felony." Cal. Civ. Code § 3333.3. Defendants aver that they were

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | | 'O' |
|---|---|---|---|---|
| Case No. | 2:14-cv-08610-CAS-JPR | | Date | December 12, 2016 |
| Title | JEREMY LEON BORDEGARAY v. COUNTY OF SANTA BARBARA ET AL. | | | |

unaware of this statute when they filed their answer and as a result did not assert this affirmative defense in response to plaintiff's claim of negligence. MTA at 1.

Defendants bring the instant motion more than a year after filing their answer. However, the Court has "broad discretion" to allow the amendment. See Johnson, 975 F.2d at 607. The Court notes that "the underlying purpose" of a motion to amend is "to facilitate decision on the merits, rather than on the pleadings or technicalities." United States v. Webb, 655 F.2d 977, 979 (9th Cir. 1981) (citing Conley v. Gibson, 355 U.S. 41, 47–48,(1957)). "When refusal to allow modification might result in injustice, while allowing the modification would cause no substantial injury to the opponent and no more than slight inconvenience to the court, modification should be allowed." Lavin v. United Tech. Corp., 2014 WL 4402244, at *3 (C.D. Cal. Sept 5, 2014) (citing United States v. First Nat. Bank of Circle, 652 F.2d 882, 887 (9th Cir. 1981)).

Plaintiff argues that the amendment is untimely and prejudicial because "discovery has already been cut off and the ability of plaintiff to frame questions both through written discovery and at deposition as to this proposed affirmative defense does not exist any longer." MTA Opp'n at 2. The Court finds this argument unpersuasive. Though defendants' motion "has come relatively late in the game, delay alone is normally an insufficient reason to deny leave to amend." Lennar Mare Island, LLC v. Steadfast Ins. Co., 2015 WL 4910468, at *10 (E.D. Cal. Aug. 17, 2015); see also United States v. Pend Oreille Pub. Util. Dist. No. 1, 926 F.2d 1502, 1511 (9th Cir. 1991). A defense based on § 3333.3 requires defendants to prove that plaintiff was convicted of the felony he was committing or fleeing from when he was injured. Since plaintiff has pleaded guilty to the felony that he committed when he was injured, plaintiff is not confronted with new facts in the wake of defendants' amendment. See Citizens Ins. Co. of the Midwest v. LG Elec., USA, Inc., 2013 WL 2160757, at *1 (S.D. Ind. May 17, 2013) (granting motion to modify scheduling order an add affirmative defenses because the "defenses do not appear on their face to require additional discovery, and [the opposing party] does not detail what additional discovery it would need."); Developers Sur. and Indem. Co. v. Network Elec., Inc., 2013 WL 2948948, at *3 (D. Utah June 14, 2013) ("[T]he Court finds that because Defendants' motion only seeks to add affirmative defenses, as opposed to more discovery-intensive claims that raise significant, new factual issues, prejudice to Plaintiffs, if any, does not prohibit amendment."). While the amendment comes after the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| CIVIL MINUTES – GENERAL | | 'O' | |
|---|---|---|---|
| Case No. | 2:14-cv-08610-CAS-JPR | Date | December 12, 2016 |
| Title | JEREMY LEON BORDEGARAY v. COUNTY OF SANTA BARBARA ET AL. | | |

discovery cutoff, plaintiff was aware of defendants' affirmative defenses of contributory negligence and assumption of risk, both of which are conceptually similar to § 3333.3, from defendants' initial answer. Nonetheless, the Court **GRANTS** plaintiff **ten (10)** days to file a supplemental opposition to defendants' motion for summary judgment, based only on the new affirmative defense. <u>See infra</u> Part IV.B.5.d. Therefore, the Court concludes that defendants' amendment will not prejudice or delay the proceedings.[5]

For the foregoing reasons, the court **GRANTS** defendants' motion to amend.

## IV.   DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

### A.   Legal Standard for Summary Judgment

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of identifying relevant portions of the record that demonstrate the absence of a fact or facts necessary for one or more essential elements of each claim upon which the moving party seeks judgment. <u>See</u> <u>Celotex Corp.</u> <u>v. Catrett</u>, 477 U.S. 317, 323 (1986). If the moving party meets its initial burden, the opposing party must then set out specific facts showing a genuine issue for trial in order to defeat the motion. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 250 (1986); <u>see also</u> Fed. R. Civ. P. 56(c), (e). The nonmoving party must not simply rely on the pleadings and must do more than make "conclusory allegations [in] an affidavit." <u>Lujan</u> <u>v. Nat'l Wildlife Fed'n</u>, 497 U.S. 871, 888 (1990). When deciding a motion for summary judgment, "the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." <u>Matsushita Elec. Indus. Co.</u> <u>v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986) (citation omitted); <u>Valley Nat'l Bank of</u> <u>Ariz. v. A.E. Rouse & Co.</u>, 121 F.3d 1332, 1335 (9th Cir. 1997). However, if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of

---

[5] Plaintiff does not allege that defendants make the instant motion to amend in bad faith or that the amendment would be futile. In addition, defendants have not previously moved to amend their answer.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| CIVIL MINUTES – GENERAL | | | 'O' |
|---|---|---|---|
| Case No. | 2:14-cv-08610-CAS-JPR | Date | December 12, 2016 |
| Title | JEREMY LEON BORDEGARAY v. COUNTY OF SANTA BARBARA ET AL. | | |

proof at trial" summary judgment must be granted.  <u>Celotex</u>, 477 U.S. at 322.  The moving party prevails when a rational trier of fact would not be able to find for the nonmoving party on the claims at issue.  <u>See</u> <u>Matsushita</u>, 475 U.S. at 587.

**B.     Defendants' Motion for Summary Judgment**

Defendants move for summary judgment on plaintiff's claims for (1) excessive force; (2) failure to provide medical care by officers in the field; (3) <u>Monell</u> liability claim; (4) supervisory liability; (5) battery; (6) Bane Act violations; (7) IIED; and (8) negligence.

**1.     Section 1983 Excessive Force Claim against Calderon**

Section 1983 provides for a cause of action against a person who, acting under color of state law, deprives another of rights guaranteed under the U.S. Constitution.  "To prove a case under section 1983, the plaintiff must demonstrate that (1) the action occurred 'under color of state law' and (2) the action resulted in the deprivation of a constitutional right or federal statutory right."  <u>Jones v. Williams</u>, 297 F.3d 930, 934 (9th Cir. 2002).  Defendants make two arguments: first, defendants contend that Calderon's use of deadly force was objectively reasonable; second, defendants contend that even if Calderon's use of force was excessive, he is entitled to qualified immunity.  The Court addresses these arguments in turn.

**a.     Objectively Reasonable Use of Force**

Defendants first argue that plaintiff's excessive force claim against Calderon cannot not withstand summary judgment because Calderon's use of deadly force was objectively reasonable under the Fourth Amendment.  MSJ at 7–10.

An excessive force claim is analyzed under the Fourth Amendment.  <u>Graham v. Connor</u>, 490 U.S. 386, 395 (1989).  Reasonableness of force is assessed from the perspective of a reasonable officer at the scene.  <u>Id.</u>  The relevant inquiry is whether officers' actions are "objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation."  <u>Id.</u> at 397

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|
| Case No. | 2:14-cv-08610-CAS-JPR | Date | December 12, 2016 |
| Title | JEREMY LEON BORDEGARAY v. COUNTY OF SANTA BARBARA ET AL. | | |

(quotation marks and citation omitted).  "The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation."  Id. at 396–97.  However, "it is equally true that even where some force is justified, the amount actually used may be excessive."  Santos v. Gates, 287 F.3d 846, 853 (9th Cir. 2002).

Courts apply a balancing test to determine whether force used is reasonable. Graham, 490 U.S. at 396.  First, courts must assess the severity of the intrusion on the individual's Fourth Amendment rights "by evaluating the type and amount of force inflicted."  Miller v. Clark Cnty., 340 F.3d 959, 964 (9th Cir. 2003).  Here, defendants do not dispute plaintiff's assertion that Calderon's use of deadly force was a severe intrusion.  Furthermore, the Ninth Circuit has held that, in some circumstances, merely pointing a gun at someone may constitute excessive force.  See Tekle v. United States, 511 F.3d 839, 845 (9th Cir. 2006).  Thus, a reasonable jury could find that firing a gun five times at close range is a severe intrusion.

Second, courts must evaluate the countervailing governmental interests by looking at (a) whether the suspect was actively resisting or attempting to evade arrest by flight; (b) the severity of the crime at issue; and (c) whether the suspect posed an immediate threat to the safety of the officers or others.  Lal, 746 F.3d at 1117.  This list is not exhaustive and courts also consider whether the officer warned the suspect prior to use of force, Bryan v. MacPherson, 630 F.3d 805, 831 (9th Cir. 2010);  the parties' relative culpability, Espinosa v. City & Cnty. of San Francisco, 598 F.3d 528, 537 (9th Cir. 2010); and "whether there were less intrusive means of force that might have been used." Glenn v. Washington Cnty., 673 F.3d 864, 876 (9th Cir. 2011).  Nonetheless, the "most important" factor is whether the suspect posed an "immediate threat to the safety of the officers or others."  Bryan, 630 F.3d at 826.  "Where the suspect poses no immediate threat to the officer and no threat to others, the harm resulting from failing to apprehend him does not justify the use of deadly force to do so."  Tennessee v. Garner, 471 U.S. 1, 11 (1985).

Here, it is undisputed that plaintiff resisted arrest by flight.  Thus, the first factor in evaluating countervailing governmental interests weighs in favor of the defendants.  With

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| CIVIL MINUTES – GENERAL | | | 'O' |
|---|---|---|---|
| Case No. | 2:14-cv-08610-CAS-JPR | Date | December 12, 2016 |
| Title | JEREMY LEON BORDEGARAY v. COUNTY OF SANTA BARBARA ET AL. | | |

respect to the severity of the crime, at the time Calderon shot plaintiff, he had reason to charge plaintiff with unlawfully taking a vehicle, trespassing, resisting and delaying a peace officer (i.e., by fleeing), and possession of a controlled substance with firearm.  See Reply SUF at No. 73.  However, the Ninth Circuit has indicated that a crime's "severity" in the excessive force context turns on whether it involves violence or an armed suspect.  See Chew v. Gates, 27 F.3d 1432, 1442 & n.9 (9th Cir. 1994); see also Davis v. City of Las Vegas, 478 F.3d 1048, 1055 (9th Cir. 2007) (noting that trespassing and obstructing a police officer were not severe crimes); Smith v. City of Hemet, 394 F.3d 689, 702 (9th Cir. 2005) (concluding that a suspect was not "particularly dangerous" and his offense was not "especially egregious" where his wife had "called 911 to report that her husband 'was hitting her and/or was physical with her,' [and] that he had grabbed her breast very hard").  The crimes at issue did not involve the use of violence.  At the time plaintiff was shot, he was handcuffed, was not physically resisting the arresting officers, and was unarmed.  Therefore, the severity factor weighs in favor of plaintiff.

Most importantly, a reasonable jury could find that plaintiff did not pose an immediate threat to Calderon or others.  Courts have denied motions for summary judgment on Fourth Amendment claims where (1) there were disputed facts regarding whether the shooting officer was in the path or in close proximity to the projected path of the approaching vehicle when the officer opened fire; and (2) the evidence did not suggest that fellow officers or other innocent bystanders were at immediate risk.  Rico v. Cnty. of San Diego, 2013 WL 3149480, at *8 (S.D. Cal. June 18, 2013) (citing cases).  For instance, in Rico, an officer shot a suspect driving a vehicle.  Id. at *3–4.  When the suspect filed a § 1983 claim alleging excessive force, the shooting officer filed a motion for summary judgment.  Id. at *1.  The Rico court found that the "key dispute" was where the officer was located in relation to the defendant's moving vehicle.  Id. at *7.  If the officer was in the open as the defendant accelerated in his general direction, a jury could find that the officer's actions were reasonable.  Id.  However, plaintiff asserted that the officer was not in imminent danger when he began firing, because he was not in the path of the defendant's car, which, by that point, was turning away from the officer.  Id.  Viewing the evidence in the light most favorable to the nonmoving party, the Rico court could not conclude that the officer's use of deadly force was reasonable as a matter of law.  Id. at *10.  Accordingly, the Rico court denied defendant's motion for summary judgment on plaintiff's excessive force claim.  Id. at *11.  The Rico court also found that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| CIVIL MINUTES – GENERAL | | | 'O' |
|---|---|---|---|
| Case No. | 2:14-cv-08610-CAS-JPR | Date | December 12, 2016 |
| Title | JEREMY LEON BORDEGARAY v. COUNTY OF SANTA BARBARA ET AL. | | |

the officer was not entitled to qualified immunity as a matter of law because, under the plaintiffs' version of events, no reasonable officer would have perceived an immediate threat and therefore no reasonable officer would have believed his use of deadly force was lawful. Id. at *12.

Here, the parties dispute the contextual details surrounding plaintiff's use of Unit 5154. Defendants allege that plaintiff revved the engine while the wheels of the Unit were still turned towards the driveway, where Calderon—and, allegedly, Johnson—stood. MSJ at 3; MSJ Reply at 4; Johnson Decl. ¶ 19. Specifically, defendants aver that Calderon was at the left front fender, at a 45 degree angle to plaintiff. Calderon Decl. ¶15; Johnson Decl. ¶ 17. Defendants further allege that plaintiff "looked right at Sgt. Calderon and hit the gas" and that Calderon saw Unit 5154 "lurch forward" towards the driveway. MSJ at 3; Calderon Decl. ¶¶15, 17–18; Hampton Decl. ¶¶ 18–19; Johnson Decl. ¶ 19. Defendants contend that Calderon fired at plaintiff as plaintiff was accelerating forward. Calderon Decl. ¶¶ 18–19; Hampton Decl. ¶¶ 18–19; Johnson Decl. ¶¶ 19, 21. Plaintiff, on the other hand, avers that Calderon was standing *to the side* of Unit 5154 and not at the *front*, when he fired at plaintiff. MSJ Opp'n at 5. Plaintiff further avers that plaintiff was not moving Unit 5154 forward when he was shot; rather plaintiff contends he was shot as he was moving his hands to shift the gear into drive. See MSJ Opp'n Ex. D ("Bordegaray Depo.") at 143–145; 148:1–6, 19–22. The COBAN footage from Unit 5154 shows the trajectory of the Unit but does not show the positioning of Calderon (or Johnson) at the moment he used force and does not capture plaintiff on video or audio. See MSJ Ex. 2. Whether plaintiff posed an imminent threat effectively turns on whether plaintiff drove the car at Calderon. There is a genuine issue of material fact as to whether plaintiff was an immediate threat. As such, the most important factor in evaluating countervailing governmental interests, weighs in favor of plaintiff. See Bryan, 630 F.3d at 826.

The third step in the balancing test that determines whether force used is reasonable, is balancing the severity of the intrusion against the countervailing governmental interests. Santos, 287 F.3d at 854. Here, the countervailing governmental interests do not support the amount of force used. Although plaintiff resisted arrest, his crimes were not violent and there is a factual dispute as to whether plaintiff posed an

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| CIVIL MINUTES – GENERAL | | | 'O' |
|---|---|---|---|
| Case No. | 2:14-cv-08610-CAS-JPR | Date | December 12, 2016 |
| Title | JEREMY LEON BORDEGARAY v. COUNTY OF SANTA BARBARA ET AL. | | |

immediate threat.  Therefore, the Court cannot conclude that Calderon did not use excessive force as a matter of law.

### b.    Qualified Immunity

Defendants also argue that summary judgment is appropriate as to plaintiff's § 1983 claim because even if Calderon's use of force was excessive, he is entitled to qualified immunity.  MSJ at 10–11.

Qualified immunity protects government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).  This privilege protects officers in the "hazy border between excessive and acceptable force."  Saucier v. Katz, 533 F.3d 194, 206 (2001).  Qualified immunity balances "the need to hold public officials accountable when they exercise power irresponsibly" against "the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably."  Pearson v. Callahan, 129 S.Ct. 808, 815 (2009).  In Saucier, the Supreme Court set out a two-prong inquiry for denying qualified immunity, though either prong may be considered first.  See id., at 818.  First, the plaintiff's alleged facts must make out a violation of a constitutional right.  Saucier, 533 F.3d at 201.  Second, if a constitutional violation is present, the right at issue must have been "clearly established" at the time of defendant's alleged misconduct.  Id. 8.

At the time of the incident, it was "clearly established" that "[w]here the suspect poses no immediate threat to the officer and no threat to others, the harm resulting from failing to apprehend him does not justify the use of deadly force to do so."  Garner, 471 U.S. at 11.  As discussed above, viewing the facts in the light most favorable to plaintiff, a jury could find that a reasonable officer in Calderon's position would not have believed that he or anyone else was in imminent danger and, thus, would have understood that his use of deadly force violated plaintiff's Fourth Amendment right.  Therefore, Calderon is not entitled to qualified immunity as a matter of law.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:14-cv-08610-CAS-JPR | Date | December 12, 2016 |
| Title | JEREMY LEON BORDEGARAY v. COUNTY OF SANTA BARBARA ET AL. | | |

### c.    Summary

The Ninth Circuit has articulated that "in police misconduct cases, summary judgment should only be granted 'sparingly' because such cases often turn on credibility determinations by a jury." Espinosa, 598 F.3d at 537.  Here, the Court finds that there is a genuine issue of material fact as to whether Calderon used excessive force and whether Calderon is entitled to qualified immunity.  Therefore, the Court **DENIES** defendants' motion for summary judgement on plaintiff's excessive force claim.

## 2.    Section 1983 Claim of Failure to Provide Medical Care by Officers in the Field against Calderon, Johnson, and Hamilton

Defendants argue that plaintiff's claim for failure to provide medical care, also pursuant to § 1983, cannot withstand summary judgment because Calderon's "Code 3" radio call to the medics met the Fourth Amendment requirements.  MSJ at 11.

Peace officers must provide medical care to persons who have been injured while being apprehended.  City of Revere v. Mass. Gen. Hosp., 463 U.S. 239, 244 (1983).  "The Ninth Circuit analyzes claims regarding deficient medical care during and immediately following an arrest under the Fourth Amendment." Mejia v. City of San Bernardino, 2012 WL 1079341, at *5 (C.D. Cal. Mar. 30, 2012) (citing Tatum v. City & Cnty. of San Francisco, 441 F.3d 1090, 1098–99 (9th Cir. 2006) (explaining that while the Supreme Court has analyzed such claims under the Due Process Clause of the Fourteenth Amendment in the past, it appears that the Fourth Amendment is the proper authority following the decision in Graham v. Connor, 490 U.S. 386 (1989))).[6]  The Fourth Amendment requires that law enforcement officers provide objectively reasonable post-arrest care to an arrestee.  Tatum, 441 F.3d at 1099.  An officer fulfills this obligation by promptly summoning the necessary medical help or taking the injured

---

[6] In his opposition, plaintiff argues that the Eighth Amendment standard for denial of medical care to a prisoner should apply to his claim of failure to provide medical care to a suspect in custody.  See MSJ Opp'n at 16–20.  The Court finds plaintiff's argument unpersuasive, as it contradicts clear Ninth Circuit precedent that evaluates §1983 claims of failure to provide medical care to a suspect in custody under the Fourth Amendment.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:14-cv-08610-CAS-JPR | Date | December 12, 2016 |
| Title | JEREMY LEON BORDEGARAY v. COUNTY OF SANTA BARBARA ET AL. | | |

detainee to a hospital.  Id.  A police officer who promptly summons the necessary medical assistance has acted reasonably for purposes of the Fourth Amendment, even if the officer did not administer CPR.  Tatum, 441 F.3d at 1099 ("Here, the officers promptly requested medical assistance, and the Constitution required them to do no more. . . . We hold that it was objectively reasonable for Officers Smith and Chan to request an ambulance for Fullard, rather than performing CPR themselves"); see also  Maddox v. City of Los Angeles, 792 F.2d 1408, 1415 (9th Cir. 1986) ("We have found no authority suggesting that the due process clause establishes an affirmative duty on the part of police officers to render CPR in any and all circumstances.").  "[T]he critical inquiry is not whether the officers did all that they could have done, but whether they did all that the Fourth Amendment requires."  Tatum, 441 F.3d at 1099.

In this case, Calderon promptly called for medical assistance.  Reply SUF at No. 55.[7]  The officers checked plaintiff's pulse and determined that he was breathing.  Id. at No. 57.  Furthermore, the officers employed an AED machine while waiting for the medics.  Id. at No. 58.  The officers chose not to follow the machine's instructions to administer CPR because it was determined that plaintiff was still breathing and had a pulse.  Id. at No. 62.  However, Hamilton continued to monitor plaintiff's condition until the medics arrived.  Id.  That the officers did not administer CPR themselves does not violate the Fourth Amendment because they already summoned the necessary medical assistance.  Therefore, plaintiff's claim for failure to provide medical treatment fails as a

---

[7] In his response to defendants' statement of uncontroverted facts, plaintiff argues that the lack of audio in the COBAN video makes it unclear whether Calderon's call to the medics was "immediate."  See Reply SUF at No. 55.  Nonetheless, plaintiff's FAC and opposition to the summary judgment motion is based on the argument that the officers should have administered CPR rather than wait for the medics; plaintiff does not allege that the failure to provide medical care in the field stems from a delay in summoning medical help.  In addition, waiting even as long as ten to fifteen minutes before summoning medical help may still be objectively reasonable care under the Fourth Amendment.  See Manni v. City of San Diego, 2013 WL 6159317, at *6 (S.D. Cal. Nov. 25, 2013).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | | 'O' |
|---|---|---|---|---|
| Case No. | 2:14-cv-08610-CAS-JPR | | Date | December 12, 2016 |
| Title | JEREMY LEON BORDEGARAY v. COUNTY OF SANTA BARBARA ET AL. | | | |

matter of law.[8] For these reasons, the Court **GRANTS** defendants' motion for summary judgment on plaintiff's § 1983 claim for failure to provide medical care in the field.

### 3.    <u>Monell</u> Liability Claim against the County, the SBSO, and Sheriff Brown in his Official Capacity

Local government entities may be sued directly under § 1983 when their policies or customs are the moving force behind a constitutional violation.  <u>Monell v. Dep't of Soc. Servs. of City of New York</u>, 436 U.S. 658, 690 (1978).

In his FAC, plaintiff alleges that the County, the SBSO, Sheriff Brown, and the Doe defendants are liable under <u>Monell</u>.  FAC ¶¶ 87–96.  Plaintiff pleads the following bases for <u>Monell</u> liability: (1) inadequate training; (2) ratification of a subordinate's unconstitutional conduct; (3) general policies of excessive force, failing to provide medical care in the field, and covering up misconduct with lies; (4) inadequate supervision; (5) enabling constitutional violations; (6) failure to discipline; (7) deficient hiring; (8) facilitating a code of silence; (9) encouraging officers to believe they can violate persons' rights; (10) failure to ensure that officers made truthful reports.[9]  <u>Id.</u>

---

[8] Defendants also argue that summary judgment is appropriate because the officers are entitled to qualified immunity.  Because the Court grants defendants' motion based on the argument that defendants' call for medical assistance fulfilled their Fourth Amendment obligation, the Court need not consider defendants' qualified immunity argument in its ruling.

[9] In his opposition, plaintiff focuses only on the ratification theory of liability. However, the Court address all of the theories plaintiff puts forth in his FAC.  <u>See</u> MSJ Opp'n at 20–26; <u>see also</u> <u>Henry v. Gill Indus., Inc.</u>, 983 F.2d 943, 950 (9th Cir. 1993) ("Under Federal Rule of Civil Procedure 56, a moving party is entitled to summary judgment only upon a showing that there are no genuine issues of material fact requiring a trial.  The party opposing the motion is under no obligation to offer affidavits or any other materials in support of its opposition.  Summary judgment may be resisted and must be denied on no other grounds than that the movant has failed to meet its burden of demonstrating the absence of triable issues.  A local rule that requires the entry of summary judgment simply because no papers opposing the motion are filed or served,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| CIVIL MINUTES – GENERAL | | | 'O' |
|---|---|---|---|
| Case No. | 2:14-cv-08610-CAS-JPR | Date | December 12, 2016 |
| Title | JEREMY LEON BORDEGARAY v. COUNTY OF SANTA BARBARA ET AL. | | |

In their motion for summary judgment, defendants first contend that <u>Monell</u> claims against Sheriff Brown and the SBSO should be dismissed. MSJ at 14 n.1. Defendants then argue that plaintiff's <u>Monell</u> liability claim fails as a matter of law because: (1) plaintiff cannot prove any of the underlying violations of plaintiff's rights; (2) no evidence supports a finding of failure to train; (3) Sheriff Brown did not ratify Calderon's alleged use of excessive force; and (4) there is no evidence of policies or customs of excessive force, denial of medical care in the field, of covering up misconduct with lies. <u>Id.</u> at 14–18. Defendants further argue that plaintiff's remaining bases for <u>Monell</u> liability also fail as a matter of law. <u>See</u> Reply SUF at Nos. 74–77, 79–80, 82. The Court addresses defendants' arguments in turn.

### a.    Defendants in the <u>Monell</u> Claim

Defendants argue that Sheriff Brown in his *official* capacity, is a redundant defendant because plaintiff has already named the County as a defendant. MSJ at 14 n.1. An "official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." <u>Kentucky v. Graham</u>, 473 U.S. 159, 166 (1985); <u>Larez v. City of Los Angeles</u>, 946 F.2d 630, 646 (9th Cir. 1991). Such a suit "is not a suit against the official personally, for the real party in interest is the entity." <u>Graham</u>, 473 U.S. at 166. Official-capacity claims are "another way of pleading an action against an entity of which an officer is an agent." <u>Hafter v. Melo</u>, 502 U.S. 21, 25 (1991) (quoting <u>Monell</u>, 436 U.S. at 691). "If a government entity is named as a defendant, it is not only unnecessary and redundant to name individual officers in their official capacity, but also improper." <u>Talib v. Guerrero</u>, 2015 WL 7428511, at *5 (C.D. Cal. Nov. 20, 2015) (citing <u>Ctr. for Bio–Ethical Reform, Inc. v. Los Angeles Cnty. Sheriff Dep't</u>, 533 F.3d 780, 799 (9th Cir. 2008)). Accordingly, the Court **GRANTS** defendants' motion for summary judgment with respect to plaintiff's <u>Monell</u> liability claims against Sheriff Brown in his *official* capacity.[10]

---

and without regard to whether genuine issues of material fact exist, would be inconsistent with Rule 56 . . . .").

[10] However, the Court concludes that there is a genuine issue of material fact with respect to Brown's *individual* liability as a supervisor, <u>infra</u> Part IV.4.b.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:14-cv-08610-CAS-JPR | Date | December 12, 2016 |
| Title | JEREMY LEON BORDEGARAY v. COUNTY OF SANTA BARBARA ET AL. | | |

Defendants also request that the Court dismiss the SBSO from this suit because the SBSO is not a "person" within the meaning of § 1983.  Id.  However, in the Ninth Circuit, a sheriff's department or a police department may be liable as a separate entity under § 1983.  Streit v. Cnty. of Los Angeles, 236 F.3d 552, 565 (9th Cir. 2001). Accordingly, the Court concludes that the SBSO is a proper party to this case and DECLINES TO DISMISS the SBSO from this lawsuit.

### b.    Underlying Violations of Plaintiff's Rights

Defendants argue that the County and the SBSO cannot be held liable under Monell because plaintiff cannot prove any of the underlying violations of plaintiff's rights.  However, the Court has already concluded that there is a dispute of fact as to whether Calderon used excessive force, which is an underlying violation that may be the basis for Monell liability.  See supra Part IV.B.1.a.  Therefore, the Court **DENIES** defendants' motion for summary judgment on plaintiff's Monell claim to the extent plaintiff bases his Monell claim on an underlying violation of plaintiff's rights.

### c.    Inadequate Training

Inadequacy of police training may serve as a basis for § 1983 municipal liability only where failure to train amounts to deliberate indifference to rights of persons with whom police come into contact.[11]  City of Canton v. Harris, 489 U.S. 378, 389 (1989). To prevail, the plaintiff must establish all four of the following.  First, the plaintiff must show that the training is inadequate.  See id. at 390.  The adequacy of the training program must be examined in relation to the tasks the particular officers must perform. Id.  "That a particular officer may be unsatisfactorily trained will not alone suffice to fasten liability . . . for the officer's shortcomings may have resulted from factors other than a faulty training program."  Id. 390–91.  Second, after the plaintiff establishes inadequacy of training, he must still demonstrate that the failure to train is a "policy;" merely alleging that the existing training program for a class of employees, such as police

---

[11] Since this Court grants defendants' motion for summary judgment on plaintiff's claim of failure to provide medical care in the field, the Court limits its analysis to failure to train on the use of excessive force.  See supra Part IV.B.2.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:14-cv-08610-CAS-JPR | Date | December 12, 2016 |
| Title | JEREMY LEON BORDEGARAY v. COUNTY OF SANTA BARBARA ET AL. | | |

officers, represents a policy for which the County is responsible is not enough to establish Monell liability. Id. at 389. Third, the plaintiff must show a causal link between the policy of failure to train and the violation of constitutional rights. Id. at 379, 391. Fourth, the plaintiff must show that the municipal policy of inadequate training is adhered to with deliberate indifference to constitutional rights. See id. at 379. A plaintiff can show "deliberate indifference" if he can establish that "the facts available to [municipal] policymakers put them on actual or *constructive notice* that the particular omission is substantially certain to result in the violation of the constitutional rights of their citizens . . . ." Castro v. Cnty. of Los Angeles, 833 F.3d 1060, 1076 (9th Cir. 2016) (quotation marks and citation omitted).

In their motion for summary judgment, defendants argue that plaintiff does not raise a dispute of fact regarding failure to train. In support of their motion, defendants submit Sheriff Brown's declaration, which states only that officers were "regularly trained" in "the training requirements set by the California Commission on Peace Officer Standards and Training" and trained "in a manner and method that prevents the deprivation of citizens' constitutional rights . . . ." See Brown Decl. ¶¶ 8–12. The Court finds that this conclusory declaration does not satisfy defendants' burden on summary judgment. Plaintiff presents facts that support his allegation of excessive force, including the fact that when Calderon shot plaintiff, Calderon was not in the path of the vehicle plaintiff was driving. Therefore, a reasonable jury could find that the County failed to train its officers on use of excessive force and hold it liable under Monell. Accordingly, to the extent that plaintiff bases his Monell claim on the County and the SBSO's failure to train, the Court **DENIES** defendants' motion for summary judgment.

### d.      Ratification of a Subordinate's Misconduct

Under the ratification theory of Monell liability, "[i]f the authorized policymakers approve a subordinate's decision and the basis for it, their ratification would be chargeable to the municipality because their decision is final." City of St. Louis v. Praprotnik, 485 U.S. 112, 127 (1988). For an official's acts to constitute municipal policy, plaintiff must show that policymaking authority for a particular city function was delegated to that official. Hammond v. Cnty. of Madera, 859 F.2d 797, 802 (9th Cir. 1988), abrogated on other grounds, L.W. v. Grubbs, 92 F.3d 894 (9th Cir. 1996).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:14-cv-08610-CAS-JPR | Date | December 12, 2016 |
|---|---|---|---|
| Title | JEREMY LEON BORDEGARAY v. COUNTY OF SANTA BARBARA ET AL. | | |

Whether a particular official has "final policymaking authority" is a question of state law. Praprotnik, 485 U.S. at 123.

To prove ratification, the plaintiff must present "evidence of a conscious, affirmative choice" by an authorized policy maker. Gillette v. Delmore, 979 F.2d 1342, 1347 (9th Cir. 1992). Thus, "the mere failure to investigate the basis of a subordinate's discretionary decisions" is not enough to create liability. Praprotnik, 485 U.S. at 130. Likewise, mere failure to discipline the subordinate does not amount to ratification. Sheehan v. City & Cnty. of San Francisco, 743 F.3d 1211, 1231 (9th Cir. 2014), reversed in part on other grounds, 135 S.Ct. 1765 (2015). The Ninth Circuit appears to require something more than a failure to reprimand to establish a municipal policy or ratification of unconstitutional conduct. See, e.g., Watkins v. City of Oakland, 145 F.3d 1087, 1093 (9th Cir. 1998) (finding ratification where the police chief signed an internal affairs report dismissing plaintiff's complaint despite evidence of Officer Chew's excessive force contained in the report); Ashley v. Sutton, 492 F. Supp. 2d 1230, 1238 (D. Or. 2007) (finding ratification where the police chief submitted a declaration stating that the "amount of force used by Officer Sutton was at all times directed at overcoming [plaintiff's] resistance to her arrest."); Larez, 946 F.2d at 646 (finding ratification where police chief signed a letter denying Larez's complaint even though expert testimony showed that he should have disciplined the officers and established new police procedures); see also Estate of Escobedo v. City of Redwood City, 2005 WL 226158, at *11 (addressing Larez, McRorie v. Shimoda, 795 F.2d 780 (9th Cir. 1986), Henry v. County of Shasta, 132 F.3d 512 (9th Cir. 1997), and Grandstaff v. City of Borger, 767 F.2d 161 (5th Cir. 1985), "[w]hile these cases . . . stand for the proposition that the failure to reprimand may support a finding of a municipal policy of deliberate indifference to constitutional violations, none stands for the proposition that 'whenever [a municipality's] investigation fails to lead to a reprimand or discharge of an employee,' the municipality is deemed to have a policy or custom giving rise to § 1983 liability.").

In this case, plaintiff alleges that the County and the SBSO are liable because Sheriff Brown, a policymaker, "approved" the Review Board's finding that Calderon did not use excessive force because Brown failed to question the Review Board's findings, even though the investigation was allegedly "obviously flawed." See MSJ Opp'n at 22. However, plaintiff has provided no evidence of affirmative conduct or ratification. MSJ

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| CIVIL MINUTES – GENERAL | | | 'O' |
|---|---|---|---|
| Case No. | 2:14-cv-08610-CAS-JPR | Date | December 12, 2016 |
| Title | JEREMY LEON BORDEGARAY v. COUNTY OF SANTA BARBARA ET AL. | | |

at 17–18. Brown attended the presentation to the Review Board on Calderon's use of deadly force, but did not attend the Board's deliberations. Brown Decl. ¶ 22. He subsequently received a one-page memorandum of the Review Board's findings, reviewed them, and took no further action. Id. at ¶ 23. Thus, in his FAC, plaintiff merely highlights the policymaker's failure to investigate a subordinate's discretionary decisions and failure to discipline the subordinate. See Praprotnik, 485 U.S. at 130; Sheehan, 743 F.3d at 1231. The Court therefore concludes that, as a matter of law, plaintiff cannot prove ratification.

Accordingly, to the extent that plaintiff bases his Monell liability claim on ratification, the Court **GRANTS** defendants' motion for summary judgment.

### e. Customs of Excessive Force, Failure to Provide Medical Care in the Field, and Covering Up Misconduct

A local government entity may be sued for constitutional deprivations caused by a government "custom," even when the custom has not been formally approved through official decision-making channels. Monell, 436 U.S. at 690. However, such a practice must be so permanent and well settled that it constitutes a "custom or usage" with the force of law. Id. at 691. "Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." Trevino v. Gates, 99 F.3d 911, 918 (9th Cir. 1996); see also Meehan v. Los Angeles Cnty., 856 F.2d 102 (9th Cir. 1988) (two incidents not sufficient to establish custom); Davis v. Ellensburg, 869 F.2d 1230 (9th Cir. 1989) (manner of one arrest insufficient to establish policy).

In his FAC, plaintiff appears to allege general customs of excessive force, failing to provide medical care in the field, and covering up misconduct with lies. FAC ¶¶ 87–96. In their motion for summary judgment, defendants contend that plaintiff "cannot establish that his rights were violated in this single incident pursuant to unconstitutional County policy, custom or practice." MSJ at 16. The Court agrees. Plaintiff fails to put forth any evidence that would lead a reasonable jury to believe that the County has a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:14-cv-08610-CAS-JPR | Date | December 12, 2016 |
| Title | JEREMY LEON BORDEGARAY v. COUNTY OF SANTA BARBARA ET AL. | | |

custom of violating constitutional rights; instead, plaintiff only presents evidence
regarding the single incident in which his constitutional rights were allegedly violated.
Accordingly, to the extent plaintiff bases his <u>Monell</u> claim on customs of excessive force,
failure to provide medical care in the field, and covering up misconduct, the Court
**GRANTS** defendants' motion for summary judgment.

### f.      Plaintiff's Remaining Seven Bases of <u>Monell</u> Liability

In their statement of uncontroverted facts (filed in support of their motion for
summary judgment), defendants seek summary judgment on the remaining bases of
<u>Monell</u> liability that plaintiff alleges against the County and the SBSO: (1) inadequate
supervision; (2) enabling Constitutional violations; (3) failure to discipline; (4) deficient
hiring and retention; (5) facilitation a code of silence; (6) encouraging officers to believe
they can violate persons' rights; and (7) failure to ensure that officers make truthful
reports.  Reply SUF at Nos. 74–77, 79–80, 82.  In support of their contention, defendants
cite to paragraphs 6 and 7 of Brown's declaration.  <u>See id.</u>  Paragraph 6, restates verbatim
plaintiff's ten bases for <u>Monell</u> liability.  Brown Decl. ¶ 6.  Paragraph 7 merely states:
"Plaintiff's allegations, which are listed in Paragraph 6 above, are untrue.  The SBSO
does not have any such policies, customs, or practices."  <u>Id.</u> at ¶ 7.  These conclusory
statements are insufficient to establish that there is no dispute of fact as to whether
plaintiff's remaining bases create <u>Monell</u> liability for the County and the SBSO.
Therefore, to the extent that defendants seek summary judgment for the remaining seven
bases for <u>Monell</u> liability, the Court **DENIES** defendants' motion for summary judgment.

### 4.      Section 1983 Individual Supervisory Liability Claim against Calderon and Brown

Plaintiff alleges that Calderon and Brown are individually liable as supervisors
pursuant to § 1983.  FAC ¶¶ 97–107.  Section 1983 does not recognize respondeat
superior liability.  <u>See</u> <u>Pembaur</u>, 475 U.S. at 479.  Nonetheless, a supervisor may be
liable in his individual capacity if (1) he or she is personally involved in the constitutional
deprivation, or (2) there is a sufficient causal connection between the supervisor's
wrongful conduct and the constitutional violation.  <u>Starr v. Baca</u>, 652 F.3d 1202, 1205
(9th Cir. 2011) (quotation marks and citation omitted); <u>see also</u> <u>Larez</u>, 946 F.2d at 646

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:14-cv-08610-CAS-JPR | Date | December 12, 2016 |
| Title | JEREMY LEON BORDEGARAY v. COUNTY OF SANTA BARBARA ET AL. | | |

(supervisory liability is imposed for a supervisor's "own culpable action or inaction in the training, supervision, or control of his subordinates," for his "acquiesce[nce] in the constitutional deprivations of which [the] complaint is made, " or for conduct that showed a "reckless or callous indifference to the rights of others." (citations omitted)); Johnson v. Duffy, 588 F.2d 740, 743–44 (9th Cir. 1978) ("The requisite causal connection can be established . . . by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.").[12]

Plaintiff contends that Calderon is individually liable as a supervisor pursuant to § 1983.  FAC ¶¶ 97–106.  To the extent plaintiff is alleging that Calderon is liable for use of excessive force when Calderon shot plaintiff, the Court finds that this claim fails as a matter of law.  Calderon was the only officer who allegedly used excessive force. Therefore, in alleging supervisory liability, plaintiff effectively avers that Calderon was both his own supervisor and his own subordinate during the incident.  This assertion runs counter to the purpose and function of individual supervisory liability, which aims to hold a supervisor liable *despite* the fact that he is *not* the actor whose actions violated plaintiff's rights.  See Larez, 946 F.2d at 645 ("A supervisor will rarely be directly and personally involved in the same way as are the individual officers who are on the scene inflicting constitutional injury. Yet, this does not prevent a supervisor from being held liable in his individual capacity.").  Allowing plaintiff to claim supervisory liability in addition to individual liability against Calderon would merely duplicate claims. Accordingly, the Court **GRANTS** defendants' motion for summary judgment on plaintiff's claim of supervisory liability against Calderon.

Plaintiff also alleges that Brown is individually liable as a supervisor because he failed to train, supervise, or discipline officers who used excessive force, even though Brown knew that SBSO officers were responsible for a high number of excessive force shootings compared to other counties in the United States and that there were prior

---

[12] To the extent plaintiff alleges supervisory liability because the officers allegedly failed to provide medical care in the field, the Court has already determined that the medical care claim fails as a matter of law.  See supra Part IV.B.2.  Thus, the Court will only address supervisory liability for Calderon's alleged use of excessive force.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:14-cv-08610-CAS-JPR | Date | December 12, 2016 |
| Title | JEREMY LEON BORDEGARAY v. COUNTY OF SANTA BARBARA ET AL. | | |

complaints of excessive force against Calderon, Johnson, and Hampton.  FAC ¶¶ 99–102.  Defendants argue that the SBSO's use of force policy is consistent with the Fourth Amendment standard set out in <u>Garner</u>, that the SBSO's policy provides that all officer-involved shootings are investigated "in a fair and impartial manner," and that plaintiff shows no evidence that Brown failed to ensure that SBSO officers were properly trained.  MSJ at 19.  Defendants contend that, therefore, there is no evidence that Brown "breached any duty to Plaintiff that was a proximate cause of his injury."  <u>Id.</u>  The Court disagrees.  The Court has already determined that there is a dispute of fact as to whether the officers' training was inadequate.  <u>See</u> <u>supra</u> Part IV.B.3.b.  Accordingly, the Court **DENIES** defendants' motion for summary judgment on plaintiff's supervisory liability claim against Brown.

### 5.    State Law Claims

#### a.    Battery

Plaintiff alleges that Calderon committed battery when he shot plaintiff.  FAC ¶¶ 58–62.  Under California law, a plaintiff seeking to establish a prima facie case of battery by a police officer must show that unreasonable force was used.  <u>Edson v. City of Anaheim</u>, 63 Cal. App. 4th 1269, 1272–73 (1998); <u>Susan v. City of Lake Forest</u>, 94 Cal. App. 4th 1401, 1412–13 (2002) (holding that California courts evaluate battery by police officer using excessive force standard).  Defendants argue that the battery claim fails as a matter of law because Calderon's use of force was reasonable.  MSJ at 20.  However, the Court has already concluded that there is a dispute of fact regarding Calderon's use of deadly force and denied summary judgment on plaintiff's excessive force claim.  <u>See</u> <u>supra</u> Part IV.B.1.  Therefore, the Court also **DENIES** defendants' motion for summary judgment on plaintiff's battery claim.

#### b.    Bane Act Violation

Plaintiff contends that by shooting plaintiff Calderon interfered with plaintiff's "right to be free from excessive force and to bodily integrity" in violation of California Civil Code § 52.1 ("Bane Act").  <u>See</u> FAC ¶¶ 63–69.  The Bane Act provides a right to relief when someone interferes, or attempts to interfere, "by threat, intimidation, or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL      'O'

| Case No. | 2:14-cv-08610-CAS-JPR | Date | December 12, 2016 |
|---|---|---|---|
| Title | JEREMY LEON BORDEGARAY v. COUNTY OF SANTA BARBARA ET AL. | | |

coercion, with the exercise or enjoyment by any individual or individuals of rights secured by the Constitution or laws of the United States, or of the rights secured by the Constitution or laws of [California]. . . ."  Cal. Civ. Code § 52.1(a).  Defendants argue that plaintiff's Bane Act claim fails as a matter of law because plaintiff "does not allege any threats, intimidation or acts of coercion" by Calderon that are separate from the act of shooting plaintiff.  MSJ at 20–21.  The Court agrees.

In Lyall v. City of Los Angeles, 807 F.3d 1178 (9th Cir. 2015), the Ninth Circuit held that a Bane Act violation requires allegations of threats, coercion, or intimidation beyond the coercion inherent in the detention or search on which plaintiff bases his § 1983 claim.  See id. at 1196.  However, California district courts have varied in their interpretations of Lyall when addressing Bane Act violations based on excessive force.  Courts in the Eastern District of California have concluded that Lyall's requirement of additional coercion applies only to Bane Act violations based on *unintentional* conduct, such as unlawfully detaining a plaintiff due to a clerical error.  See D.G. v. Cnty. of Kern, 2016 WL 6072362, at *2 (E.D. Cal. Oct. 13, 2016); Morse v. Cnty. of Merced, 2016 WL 4000406, at *2 (E.D. Cal. July 25, 2016).  Plaintiff need not show additional coercion where the Bane Act claim is based on *intentional* conduct, such as using excessive force by shooting a plaintiff.  See D.G., 2016 WL 6072362, at *2; Morse, 2016 WL 4000406, at *2.  Courts in the Northern District of California have found that "allegations of excessive force are sufficient by themselves to allege a violation of the Bane Act."  Barragan v. City of Eureka, 2016 WL 4549130, at *8 (N.D. Cal. Sept. 1, 2016); see also Jones v. Cnty. of Contra Costa, 2016 WL 1569974, at *6 (N.D. Cal. Apr. 19, 2016); Stubblefield v. City of Novato, 2016 WL 192539, at *11 (N.D. Cal. Jan. 15, 2016).  In contrast, one court in the Central District of California has held that Lyall's additional coercion requirement does apply to Bane Act claims based on excessive force.  Han v. City of Los Angeles, 2016 WL 2758241, at *9 (C.D. Cal. May 12, 2016) (granting summary judgment for defendants because there was "no showing of coercion or intimidation against Plaintiff exercising a constitutional right that [wa]s independent from the coercion inherent in the alleged . . . excessive force."); see also Venice Justice Comm. v. City of Los Angeles,  2016 WL 4724557, at *8 (C.D. Cal. Sept. 9, 2016) (dismissing plaintiff's contention that Lyall's holding is limited to search and seizure cases).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|
| Case No. | 2:14-cv-08610-CAS-JPR | Date | December 12, 2016 |
| Title | JEREMY LEON BORDEGARAY v. COUNTY OF SANTA BARBARA ET AL. | | |

To date, neither the Ninth Circuit nor the California Supreme Court has resolved the issue of whether a plaintiff asserting a Bane Act claim based on excessive force must allege coercion or intimidation independent of the excessive force claim. This Court is persuaded by the reasoning of other courts in the Central District of California. Nothing in <u>Lyall</u> expressly suggests that its holding is limited to unlawful detention claims or unintentional conduct. Here, plaintiff fails to provide evidence or allege facts showing that he faced a threat, intimidation, or coercion independent from Calderon's alleged use of excessive force. Accordingly, the Court **GRANTS** defendants' motion for summary judgment on plaintiff's Bane Act claim.

### c.     Intentional Infliction of Emotional Distress

The elements of a claim for IIED are: (1) extreme and outrageous conduct by the defendant with the intent to cause, or reckless disregard for the probability of causing, emotional distress; (2) extreme emotional distress by the plaintiff; and (3) the plaintiff's emotional distress is actually and proximately the result of defendant's outrageous conduct. <u>Hughes v. Pair</u>, 209 P.3d 963, 976 (2009). Extreme and outrageous conduct is conduct that is "so extreme as to exceed all bounds of that usually tolerated in a civilized community." <u>Id.</u> The Court already determined that a reasonable jury could find that Calderon used excessive force. <u>See</u> <u>supra</u> Part IV.B.1. A reasonable jury could also find that the excessive use of force constitutes outrageous conduct. <u>See</u> <u>Blankenhorn v. City of Orange</u>, 485 F.3d 463, 487 n.17 (9th Cir. 2007) (reversing grant of summary judgment on IIED claim because excessive use of force could constitute outrageous conduct). Accordingly, the Court **DENIES** defendants' motion for summary judgment on plaintiff's IIED claim.

### d.     Negligence

Plaintiff alleges that all defendants were negligent because they breached their duty of reasonable care to comply with SBSO training by: (1) facilitating excessive force; (2) covering up excessive force/maintaining a code of silence; (3) failure to provide medical care; (4) retaining officers despite their propensities for abusing authority; (5) inadequate supervision, training, and discipline; (6) maintaining inadequate procedures for reporting

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| CIVIL MINUTES – GENERAL | | 'O' | |
|---|---|---|---|
| Case No. | 2:14-cv-08610-CAS-JPR | Date | December 12, 2016 |
| Title | JEREMY LEON BORDEGARAY v. COUNTY OF SANTA BARBARA ET AL. | | |

and reviewing misconduct; and (7) ratifying intentional misconduct. See FAC ¶¶ 109–10.

Defendants argue that plaintiff's negligence claim fails as a matter of law for four reasons. First, defendants contend that summary judgment is appropriate on plaintiff's negligence claim against Calderon, Johnston, and Hamilton because plaintiff cannot prove gross negligence in failure to provide medical care. MSJ at 24. The Court has already determined that plaintiff's medical care claim fails as a matter of law. See supra Part IV.B.2. Therefore, to the extent plaintiff bases his negligence claim on the officers' failure to provide medical care in the field, the Court **GRANTS** defendants' motion for summary judgment.

Second, defendants argue that plaintiff's negligence claim against the County and the SBSO fails as a matter of law, because public entities are immune from liability except as provided by statute. MSJ at 24. Under the Government Claims Act, there is no common law tort liability for public entities in California; instead, such liability must be based on statute. Cal. Gov't Code § 815. While plaintiff does not specify this in his FAC, there *is* a statute, California Government Code § 815.2, which provides that a public entity may be liable for acts or omissions of employees committed within the scope of their employment. Cal. Gov't Code § 815.2. Thus, to the extent plaintiff's negligence claim against the County and the SBSO is based on respondeat superior liability, the Court **DENIES** defendants' motion for summary judgment. See Reinhardt v. Santa Clara Cnty., 2006 WL 3147691, at *10, 13 (N.D. Cal. Nov. 1, 2006) (denying public entities' motion to dismiss negligence claim premised on respondeat superior liability, pursuant to § 815.2). However, there is no statute imposing *direct* liability on public entities for negligent training, hiring and supervision practices. See id.; Mood v. City of Costa Mesa, 2015 WL 5898274, at *5 (C.D. Cal. Oct. 8, 2015); Johnson v. Shasta Cnty., 83 F. Supp. 3d 918, 936–37 (E.D. Cal. 2015) (granting motion to dismiss negligence claim against county defendant for alleged negligence in "hiring, training, supervision, or retention of individual police officers"). Therefore, plaintiff's claims of direct liability on the part of the County and the SBSO fail as a matter of law. Accordingly, to the extent that plaintiff alleges direct liability for negligence against the County and the SBSO, the Court **GRANTS** defendants' motion for summary judgment. See Reinhardt, 2006 WL 3147691, at *10 ("All allegations of direct liability on the part

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| CIVIL MINUTES – GENERAL | | | ‘O’ |
|---|---|---|---|
| Case No. | 2:14-cv-08610-CAS-JPR | Date | December 12, 2016 |
| Title | JEREMY LEON BORDEGARAY v. COUNTY OF SANTA BARBARA ET AL. | | |

of the entity defendants, such the failure-to-train allegations, fail as a matter of law, because plaintiff has cited no statute imposing such liability.").

Third, defendants contend that plaintiff's negligence claim against Brown fails as a matter of law, because Brown was not present during the shooting. MSJ at 24–25. However, the Court already concluded that there is a genuine issue of fact as to whether Brown failed to adequately train, supervise, or discipline officers who used excessive force. See supra Part VI.B.4.b. Therefore, the Court also concludes that there is a genuine issue of fact as to whether Brown was negligent and **DENIES** defendants' motion for summary judgment.

Fourth, defendants argue that California Civil Code § 3333.3 bars plaintiff's negligence claim. MSJ at 24. The Court has permitted defendants to add this affirmative defense. See also supra Part III.B. The Court grants plaintiff **ten** days to brief the issue of § 3333.3. Id. Therefore, the Court reserves ruling on the issue of whether § 3333.3 bars plaintiff's claim of negligence against all defendants until after plaintiff responds to the new affirmative defense.[13]

Accordingly, the Court concludes that defendants' motion for summary judgment on plaintiff's negligence claim is **GRANTED** in part and **DENIED** in part.

## V. CONCLUSION

Accordingly, for the foregoing reasons, the Court:

(1) **GRANTS** defendants' motion to modify the scheduling order and amend their answer;

(2) **DENIES** defendants' motion for summary judgment on plaintiff's excessive force claim;

---

[13] The Court notes that at this junction, it appears that § 3333.3 bars plaintiff's negligence claim. Nonetheless, the Court welcomes plaintiff's argument to the contrary.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                    **'O'**

| Case No. | 2:14-cv-08610-CAS-JPR | Date | December 12, 2016 |
|---|---|---|---|
| Title | JEREMY LEON BORDEGARAY v. COUNTY OF SANTA BARBARA ET AL. | | |

(3) **GRANTS** defendants' motion for summary judgment on plaintiff's claim for failure to provide medical care in the field;

(4) **GRANTS** defendants' motion for summary judgment with respect to plaintiff's Monell liability claim against Sheriff Brown in his official capacity;

(5) **DENIES** defendants' motion for summary judgment on plaintiff's Monell claim to the extent plaintiff bases his Monell claim on an underlying violation of plaintiff's rights;

(6) **DENIES** defendants' motion for summary judgment on plaintiff's Monell claim to the extent that plaintiff bases his Monell claim on failure to train;

(7) **GRANTS** defendants' motion for summary judgment on plaintiff's Monell claim to the extent that plaintiff bases his Monell claim on ratification;

(8) **GRANTS** defendants' motion for summary judgment on plaintiff's Monell claim to the extent that plaintiff bases his Monell claim on and customs of excessive force, failure to provide medical care in the field, and covering up misconduct;

(9) **DENIES** defendants' motion for summary judgment on plaintiff's Monell claim to the extent that plaintiff bases his Monell claim on inadequate supervision, enabling constitutional violations, failure to discipline, deficient hiring, facilitating a code of silence, encouraging officers to believe they can violate persons' rights, and failure to ensure that officers made truthful reports;

(10) **GRANTS** defendants' motion for summary judgment on plaintiff's supervisory liability claim against Calderon;

(11) **DENIES** defendants' motion for summary judgment on plaintiff's supervisory liability claim against Brown;

(12) **DENIES** defendants' motion for summary judgment on plaintiff's battery claim;

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                          **'O'**

| Case No. | 2:14-cv-08610-CAS-JPR | Date | December 12, 2016 |
|----------|------------------------|------|-------------------|
| Title | JEREMY LEON BORDEGARAY v. COUNTY OF SANTA BARBARA ET AL. | | |

(13) **GRANTS** defendants' motion for summary judgment on plaintiff's Bane Act claim;

(14) **DENIES** defendants' motion for summary judgment on plaintiff's IIED claim;

(15) **GRANTS** defendants' motion for summary judgment on plaintiff's negligence claim to the extent plaintiff alleges negligence based on the officers failure to provide medical care in the field;

(16) **DENIES** defendants' motion for summary judgment on plaintiff's negligence claim to the extent plaintiff alleges negligence based on respondeat superior liability against the County and the SBSO;

(17) **GRANTS** defendants' motion for summary judgment on plaintiff's negligence claim to the extent plaintiff alleges negligence based on direct liability against the County and the SBSO;

(18) **DENIES** defendants' motion for summary judgment on plaintiff's negligence claim to the extent plaintiff alleges negligence based on Sheriff Brown's training, supervisory, and disciplinary practices; and

(19) **RESERVES RULING** on the issue of whether § 3333.3 bars plaintiff's claim of negligence against all defendants, until after plaintiff briefs the issue of § 3333.3. Plaintiff shall file his supplemental opposition within **ten (10) days** of the date of this order.  **Defendants shall not file a reply** to plaintiff's supplemental opposition.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |