UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:14-cv-8610-CAS(JPRx) | Date | December 27, 2016 |
|---|---|---|---|
| Title | JEREMY LEON BORDEGARAY v. COUNTY OF SANTA BARBARA ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) - PLAINTIFF'S SUPPLEMENTAL BRIEF RE: CIVIL CODE SECTION 3333.3 (Dkt. 112, filed December 20, 2016)

## I. INTRODUCTION

On November 11, 2014, plaintiff Jeremy Leon Bordegaray filed a complaint in this Court against defendants County of Santa Barbara, City of Carpinteria, the Santa Barbara County Sheriff's Office, Sheriff Bill Brown in his individual and official capacities, Sergeant Daniel Calderon individually and his capacity as a peace officer, Deputy Wesley Johnson individually and his capacity as a peace officer, Deputy Sean Hampton individually and in his capacity as a peace officer, and Does 1–20. Dkt. 1. In his complaint, plaintiff alleges: (1) the use of excessive force in violation of his civil rights pursuant to 42 U.S.C. § 1983; (2) a violation of the California Constitution, Article 1 § 13; (3) battery; (4) violation of the Bane Act, Cal. Civ. Code § 52.1; (5) false arrest and imprisonment; (6) intentional infliction of emotional distress ("IIED"); (7) failure to provide medical care by officers in the field in violation of § 1983; (8) conspiracy to interfere with civil rights in violation of 42 U.S.C. § 1985; (9) policy, custom, and practice in violation of § 1983 ("Monell liability"); (10) supervisory liability for violations of § 1983; (11) retaliation in violation of § 1983; and (12) negligence. Id. Plaintiff's claims derive from an October 6, 2013 incident in which Calderon fired five shots in the direction of a police car, Unit 5154, that plaintiff had commandeered; plaintiff was struck by two of the bullets and suffered serious injury.

On July 24, 2015, plaintiff filed his first amended complaint, dismissing defendant City of Carpinteria and dismissing the second, fifth, eighth, and eleventh claims. Dkt. 19. On August 14, 2015, defendants filed their answer. Dkt. 21.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**        **'O'**

| Case No. | 2:14-cv-8610-CAS(JPRx) | Date | December 27, 2016 |
|---|---|---|---|
| Title | JEREMY LEON BORDEGARAY v. COUNTY OF SANTA BARBARA ET AL. | | |

On December 12, 2016, the Court granted defendants' motion, dkt. 44, to modify the scheduling order and amend their answer to add an affirmative defense to plaintiff's negligence claim pursuant to California Civil Code § 3333.3. Dkt. 109. Section 3333.3 provides: "In any action for damages based on negligence, a person may not recover any damages if the plaintiff's injuries were in any way proximately caused by the plaintiff's commission of any felony, or immediate flight therefrom, and the plaintiff has been duly convicted of that felony." Cal. Civ. Code § 3333.3.

Also on December 12, 2016, the Court granted in part and denied in part defendants' motion for summary judgment, dkt. 48 ("MSJ"). Dkt. 109. However, the Court reserved ruling at that time on the issue of whether Section 3333.3 bars plaintiff's claim for negligence against defendants. Defendants filed their first amended answer on December 15, 2016. Dkt. 110. Plaintiff filed a supplemental brief addressing Section 3333.3 on December 20, 2016. Dkt. 112 ("Supp."). The Court now addresses whether defendants are entitled to summary judgment on plaintiff's negligence claim on the basis of Section 3333.3. The underlying undisputed facts are set out in detail in the Court's December 12, 2016 order.

Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II.   LEGAL STANDARD

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of identifying relevant portions of the record that demonstrate the absence of a fact or facts necessary for one or more essential elements of each claim upon which the moving party seeks judgment. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the moving party meets its initial burden, the opposing party must then set out specific facts showing a genuine issue for trial in order to defeat the motion. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); see also Fed. R. Civ. P. 56(c), (e). The nonmoving party must not simply rely on the pleadings and must do more than make "conclusory allegations [in] an affidavit." Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990). When deciding a motion for summary judgment, "the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." Matsushita Elec. Indus. Co.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**              **'O'**

| Case No. | 2:14-cv-8610-CAS(JPRx) | Date | December 27, 2016 |
|---|---|---|---|
| Title | JEREMY LEON BORDEGARAY v. COUNTY OF SANTA BARBARA ET AL. | | |

v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citation omitted); Valley Nat'l Bank of Ariz. v. A.E. Rouse & Co., 121 F.3d 1332, 1335 (9th Cir. 1997). However, if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial" summary judgment must be granted. Celotex, 477 U.S. at 322. The moving party prevails when a rational trier of fact would not be able to find for the nonmoving party on the claims at issue. See Matsushita, 475 U.S. at 587.

### III.   DISCUSSION

Defendants argue that all of plaintiff's theories of negligence are barred pursuant to California Civil Code § 3333.3. MSJ at 23. Section 3333.3 provides: "In any action for damages based on negligence, a person may not recover any damages if the plaintiff's injuries were in *any way* proximately caused by the plaintiff's commission of any felony, or immediate flight therefrom, and the plaintiff has been duly convicted of that felony." Cal. Civ. Code § 3333.3 (emphasis added). Defendants argue that plaintiff's injuries were proximately caused by his unlawful taking of a motor vehicle, to which he pleaded guilty, and his immediate flight therefrom. MSJ at 23.

Plaintiff argues that the felonies of which he was convicted—possession of a controlled substance and the unlawful taking of a vehicle—were not the proximate cause of his gunshot injuries because it was not reasonably foreseeable that Calderon would use deadly force against plaintiff. Supp. at 5–6. Because the Court has already ruled that there exists a triable issue of fact as to whether Calderon's use of force was reasonable, plaintiff contends that the Court cannot find—as a matter of law—that plaintiff's felonious conduct was the proximate cause of his injuries. Id. at 6. In addition, plaintiff contends that Calderon's use of excessive force broke the chain of causation. Id. at 7.

Plaintiff relies principally on Jenkins v. Cty. of Los Angeles, 74 Cal. App. 4th 524 (1999). In Jenkins, the plaintiff was parked in a strip mall parking lot in a car he had stolen four hours beforehand. Id. at 528. When officers found plaintiff seated in the vehicle, the plaintiff put his car in reverse and began driving out of the parking lot. Id. One of the officers thought his partner was in danger of being run over, so he fired four shots at the plaintiff, who was rendered a paraplegic from the resulting wounds. Id. The Jenkins court concluded that the trial court erred in granting summary judgment in favor of defendants on the basis of Section 3333.3 because defendants did not establish as a matter of law that the shooting occurred during the "immediate" flight from the commission of a felony. Id. at

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:14-cv-8610-CAS(JPRx) | Date | December 27, 2016 |
|---|---|---|---|
| Title | JEREMY LEON BORDEGARAY v. COUNTY OF SANTA BARBARA ET AL. | | |

535.  This Court finds, however, that the present case is unlike Jenkins because there is no triable issue of fact that Calderon fired at plaintiff *during* the unlawful taking of Unit 5154.  In Jenkins the relevant felony occurred four hours before the shooting, but in the instant case, plaintiff does not dispute that was that the shooting occurred *while* he was unlawfully driving the police vehicle.

Plaintiff also relies Obas v. County of Monterey, No. 09-cv-05540-LHK, 2011 WL 738159 (N.D. Cal. Feb. 22, 2011).  See Supp. at 8–10.  However, the facts of Obas materially differ from the instant facts because, in Obas, "the connection between the commission of the felony and the injury sustained is uncertain and attenuated by the passage of time."  Obas, 2011 WL 738159, at *14.

Based on the undisputed facts in this case, the Court concludes that, as a matter of law, plaintiff's injuries were in at least in *some way* proximately caused by plaintiff's unlawful taking of a vehicle.  The Court further notes Section 3333.3 may bar negligence claims even in cases alleging excessive force.  The Ninth Circuit has applied Section 3333.3 to bar a claim for negligence stemming from an officer's alleged use of excessive force in shooting the plaintiff.  See Maxie v. Preijers, 201 F.3d 444, 1999 WL 1020954 at *1–*2 (9th Cir. Nov. 8, 1999); id. at *2 ("Maxie's negligence claim, on its face, appears to be the exact type of claim contemplated by § 3333.3.").  Maxie demonstrates that, even when there is a question as to whether an officer's use of force is reasonable, a plaintiff's felonious conduct may still be the proximate cause of his injuries.  Accordingly, the Court **GRANTS** defendants' motion for summary judgment on plaintiff's claim of negligence.

## IV.   CONCLUSION

In accordance with the foregoing, the Court **GRANTS** defendants' motion for summary judgment on plaintiff's claim of negligence.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |